# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEBRA RODGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV01600ERW |
| | ) |
| DANIEL WOLFE, *dba*, | ) |
| WOLFEGANG TRUCKING | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiff Debra Rodgers's Motion for Remand [doc. #6].

**I.  BACKGROUND FACTS**

On August 1, 2005, Plaintiff Debra Rodgers ("Plaintiff") filed a Petition against Defendant Daniel Wolfe, who does business as Wolfegang Trucking ("Defendant"), in the Circuit Court of the City of St. Louis, Twenty-Second Judicial Circuit. In the Petition, Plaintiff alleges that Michael Rodgers, her son, died as a result of injuries sustained in an automobile collision on December 21, 2004. Pet. ¶¶ 1, 10. Plaintiff further alleges that Defendant Wolfe's truck and flatbed trailer were stopped in the right lane of a construction zone and were partially blocking the left lane, which was the only lane open to traffic. Pet. ¶ 7. According to Plaintiff, the collision occurred when Mark Pingleton, the driver of the car in which Michael Rodgers was riding, collided with the rear of Defendant's trailer. Pet. ¶ 8. Plaintiff brings one claim for relief for wrongful death. Count I is directed against Defendant and is based on a theory of negligence. In the Petition, Plaintiff requests

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

from Defendant "a fair and reasonable amount in excess of $25,000.00 but for less than $75,000.00, for her costs herein incurred and expended, and for such other and further relief as [the] Court deems just and proper." Pet. at 5.

On September 29, 2005, Defendant filed a Notice of Removal in which Defendant states that this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. The Notice of Removal states that there is complete diversity among the parties and that the amount in controversy exceeds $75,000.00. According to Defendant, Plaintiff was, at all pertinent times, a citizen and resident of the State of Missouri and Defendant was, at all pertinent times, a citizen and resident of the State of Illinois. Defendant alleges that, notwithstanding Plaintiff's contention that she is seeking damages for less than $75,000.00, the amount in controversy actually exceeds $75,000.00. Defendant notes that this is a wrongful death suit, that Plaintiff has not signed the Petition, and that Plaintiff has not provided an affidavit stating that she will not seek more than $75,000.00 in damages at any future time.

On October 25, 2005, Plaintiff filed a Motion to Remand this case to the state court from which it was removed. In the Motion to Remand, Plaintiff claims that the case should be remanded because the amount in controversy does not exceed $75,000.00. To support this claim, Plaintiff provides evidence of a settlement letter in which she demanded settlement from Defendant for $70,000.00. Plaintiff also notes that the Petition states that she is seeking damages "in excess of $25,000.00 but for less than $75,000.00." Plaintiff argues that Defendant has not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Defendant opposes the Motion to Remand. According to Defendant, the amount in controversy does exceed $75,000.00. Defendant provides evidence of two recent jury verdicts to show that juries recently

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

have awarded well over $75,000.00 in similar wrongful death cases.

## II.   STANDARD FOR FEDERAL JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *See American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951); *Hart v. Terminex Int'l*, 336 F.3d 541, 541-42 (7th Cir. 2003) (stating that it was "regrettable" that the case had to be dismissed for lack of subject matter jurisdiction "rendering everything that has occurred in [the] eight years [of litigation] a nullity"). A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pacific R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. *In re Business Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993).

Because the removal statutes impede upon states' rights to resolve controversies in their own courts, such statutes must be strictly construed. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). Although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim and any doubts about the propriety of removal are resolved in favor of remand. *See In re Business Men's*, 992 F.2d at 183; *McHugh v. Physicians Health Plan of Greater St. Louis*, 953 F. Supp. 296, 299 (E.D. Mo. 1997). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

One basis for removal is diversity of citizenship pursuant to 28 U.S.C. § 1332. Jurisdiction under § 1332 requires (1) complete diversity of citizenship and (2) a minimum amount in controversy in excess of $75,000. 28 U.S.C. § 1332. The Eighth Circuit has clarified the standard of proof to be applied when a removing defendant claims that the amount in controversy requirement is satisfied. When "the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party . . . must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003) (citing *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000)). *See also James Neff Kramper Family Farm P'ship v. IBP, Inc.,* 393 F.3d 828, 831 (8th Cir. 2005).

## III. DISCUSSION

To establish diversity jurisdiction, the pleadings must set forth with specificity the citizenship of the parties. *Barclay Square Properties v. Midwest Fed. S&L,* 893 F.2d 968, 969 (8th Cir. 1990). In the present case, there is no dispute that Plaintiff is a resident and citizen of the State of Missouri, and Defendant is a resident and citizen of the State of Illinois. Therefore, the diversity requirement is satisfied. The dispute in this case concerns the amount in controversy. Plaintiff and Defendant disagree as to whether Defendant has proved by a preponderance of the evidence that the amount in controversy does, in fact, exceed $75,000.00. Plaintiff argues that she has offered to settle for less than $75,000.00, as evidenced by her demand for settlement letter, and that she does not demand more than $75,000.00 in her Petition. Defendant argues that wrongful death damages ordinarily exceed $75,000.00 and that Plaintiff has not stipulated that she will not seek more than $75,000.00

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

in the future by, for example, amending her complaint after the time for removal has expired.[1]

In considering the evidence offered and arguments made by the parties, the Court is not limited to merely examining the Petition. "The amount stated in the petition is not determinative. It is the substance of the claim, not the conclusory recitation of its worth, that will determine if federal jurisdiction is extant." *City of University City v. AT & T Wireless Servs., Inc.*, 229 F.Supp.2d 927, 933 (E.D.Mo. 2002). The Court may consider relevant jury verdicts in determining whether damages are likely to exceed $75,000.00. *See, e.g., Haynes v. Louisville Ladder Group, LLC*, 341 F.Supp.2d 1064, 1069 (E.D.Ark. 2004).[2]

Defendant has met his burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Although the Petition demands less than $75,000.00, this amount is not determinative of the amount in controversy. As Defendant's evidence of recent wrongful death verdicts indicates, jury awards to plaintiffs in cases such as this one routinely exceed $75,000.00. Defendant offers evidence of two St. Louis City jury verdicts for wrongful death actions in 2004. In one case, a mother was awarded $675,000 in damages after the death of her adult son. In another wrongful death case, a jury awarded $1.7 million to the children of the deceased. *See* Defendant's Exhibits A and B.[3] Further, Plaintiff has not stipulated that she will not seek more than $75,000.00 in this case. Moreover, Plaintiff's evidence that she has demanded settlement for less than $75,000.00

---

[1] Because Plaintiff did not file a reply brief in support of her Motion, the Court does not have the benefit of any response by Plaintiff to Defendant's arguments. Therefore, the Court will rely upon the initial arguments made in Plaintiff's moving papers.

[2] Plaintiff does not argue to the contrary.

[3] Although these cases differ from the present case in that they were medical malpractice suits, the verdicts are indicative of juries' willingness to award a high amount of damages in wrongful death actions.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

in the future by, for example, amending her complaint after the time for removal has expired.[1]

In considering the evidence offered and arguments made by the parties, the Court is not limited to merely examining the Petition. "The amount stated in the petition is not determinative. It is the substance of the claim, not the conclusory recitation of its worth, that will determine if federal jurisdiction is extant." *City of University City v. AT & T Wireless Servs., Inc.*, 229 F.Supp.2d 927, 933 (E.D.Mo. 2002). The Court may consider relevant jury verdicts in determining whether damages are likely to exceed $75,000.00. *See, e.g., Haynes v. Louisville Ladder Group, LLC*, 341 F.Supp.2d 1064, 1069 (E.D.Ark. 2004).[2]

Defendant has met his burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Although the Petition demands less than $75,000.00, this amount is not determinative of the amount in controversy. As Defendant's evidence of recent wrongful death verdicts indicates, jury awards to plaintiffs in cases such as this one routinely exceed $75,000.00. Defendant offers evidence of two St. Louis City jury verdicts for wrongful death actions in 2004. In one case, a mother was awarded $675,000 in damages after the death of her adult son. In another wrongful death case, a jury awarded $1.7 million to the children of the deceased. *See* Defendant's Exhibits A and B.[3] Further, Plaintiff has not stipulated that she will not seek more than $75,000.00 in this case. Moreover, Plaintiff's evidence that she has demanded settlement for less than $75,000.00

---

[1] Because Plaintiff did not file a reply brief in support of her Motion, the Court does not have the benefit of any response by Plaintiff to Defendant's arguments. Therefore, the Court will rely upon the initial arguments made in Plaintiff's moving papers.

[2] Plaintiff does not argue to the contrary.

[3] Although these cases differ from the present case in that they were medical malpractice suits, the verdicts are indicative of juries' willingness to award a high amount of damages in wrongful death actions.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

is not persuasive and does not diminish the persuasiveness of the evidence offered by Defendant.[4]

This Court concludes that Defendant has proved by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Thus, the Court finds that Defendant has established diversity jurisdiction pursuant to 28 U.S.C. § 1332, and Plaintiff's Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [doc. #6] is **DENIED**.

Dated this 14th day of February, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

[4] The only evidence Plaintiff offers to support her contention that she is seeking less than $75,000.00 is a settlement letter in which she demands $70,000.00. While settlement letters demanding damages exceeding the jurisdictional minimum may be considered evidence that a plaintiff is seeking more than $75,000.00, a settlement letter demanding less than $75,000.00 is not evidence that the claim falls below the jurisdictional minimum. Such a letter is not necessarily indicative of a plaintiff's true intentions, as plaintiffs regularly offer to settle for less than they might expect from a favorable jury verdict. Further, a settlement letter does not preclude a plaintiff from demanding more damages if a case goes to trial, and, in this case, Plaintiff has not relinquished her right to make such a demand in the future. If such letters were conclusive evidence that the amount in controversy requirement has not been satisfied, a plaintiff could offer to settle for an amount less than $75,000.00 to avoid federal jurisdiction and then dramatically increase the demand after the defendant's time to remove had expired. In any event, Plaintiff's settlement letter is not persuasive and does not refute the evidence offered by Defendant that successful wrongful death actions commonly result in verdicts far greater than $75,000.00.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com