UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBRA RODGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV01600 ERW |
| ) | |
| DANIEL WOLFE, dba WOLFEGANG ) | |
| TRUCKING, and MARK PINGLETON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Brian Hodge's Motion to Intervene as Plaintiff as a Matter of Right [doc. #15], Plaintiff's Motion for Leave to Amend Complaint and to Join Additional Party out of Time [doc. #16], and Plaintiff's Motion to Continue Time to File Expert Report under Rule 26(A)(2) [doc. #17]. A hearing was held on March 9, 2006, at which time the Court heard arguments from the parties on the motions.

In Plaintiff's Motion for Leave to Amend [doc. #16], Plaintiff requests leave to file her First Amended Complaint, adding an additional defendant. In support of her Motion, Plaintiff states that she made a strategic decision not to add the additional defendant prior to this Court's recent decision to deny her Motion to Remand.[1] Plaintiff further states that no party will be

---

[1] Plaintiff explains that this case was originally filed in the City of St. Louis and that, to preserve her city venue, she made a strategic trial decision to name only Defendant Wolfegang in her original Complaint. Plaintiff states that the Court issued its order denying her Motion to Remand on February 14, 2006 and that the deadline for adding additional parties was February 15, 2006. According to Plaintiff, she did not previously amend her Complaint to add the additional party because it would have destroyed city venue in the event the Court decided to remand the case. Plaintiff states that she is making her request only eleven days after the passing of the Case Management Order deadline for

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

prejudiced by allowing the amendment at this time. At the hearing, Defendant argued that it would be prejudiced by the adding of an additional defendant because the additional defendant will destroy this Court's diversity jurisdiction.[2]

As the Court determined in its February 14, 2006 Order, the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, which gives district courts original jurisdiction over civil matters where the amount in controversy exceeds $75,000 and is between citizens of different states. Here, Plaintiff is a citizen of Missouri, and Defendant Wolfegang is a citizen of Illinois. Now, Plaintiff requests leave to add Mark Pingleton as an additional defendant. Mr. Pingleton is a citizen of Missouri. Pl's Amend. Compl. ¶ 4. Thus, if Mr. Pingleton is added as an additional defendant, diversity jurisdiction will be destroyed because Plaintiff and Mr. Pingleton are both citizens of Missouri.

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." The decision to grant or deny a plaintiff's request to join additional defendants whose joinder would destroy diversity is within the trial court's sound discretion. 14C Charles Alan Wright et al., Fed. Prac. and Proc. Juris. 3d § 3739. The appropriate inquiry in a case such as this one is "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, [and] whether plaintiff will be significantly injured if amendment is not allowed." *St.*

---

amending complaints.

[2]Defendant did not oppose the Motion prior to the hearing and has not submitted any briefing in opposition to Plaintiff's Motion. The time for filing such an opposition has expired.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*Louis Trade Diverters, Inc. v. Constitution State Ins. Co.*, 738 F.Supp. 1269, 1271 (E.D. Mo. 1990) (internal quotation omitted). Courts should also consider judicial efficiency and economy. 14C Charles Alan Wright et al., Fed. Prac. and Proc. Juris. 3d § 3739.

In this case, Plaintiff alleges that the decedent, Michael Rodgers, was a passenger in a vehicle being driven by Mark Pingleton when Mr. Pingleton struck the rear of Defendant Wolfegang's flatbed trailer which was parked and partially protruding into a lane intended for through highway traffic on Interstate 44. Plaintiff alleges that both Defendant Wolfegang's and Mr. Pingleton's negligence caused Michael Rodgers to sustain the injuries which led to his death. It does not appear that Plaintiff's present request to add Mr. Pingleton as a defendant is motivated by a desire to defeat federal jurisdiction.[3] Moreover, it does not appear that Plaintiff's delay in bringing the request for amendment was motivated by a dilatory purpose, and the request was made only a short time after the Case Management Order deadline for amending complaints had expired. Finally, judicial economy concerns weigh in favor of permitting the amendment. Permitting the amendment will allow all claims related to the occurrence at issue here to be determined in a single proceeding. Therefore, the Court will grant Plaintiff's Motion to Amend, permitting Plaintiff to add Mr. Pingleton as an additional defendant. Because this additional defendant destroys diversity jurisdiction and there is no other basis upon which the Court may retain jurisdiction over this case, this matter will be remanded to the state court from which it was removed. *See* 28 U.S.C. § 1447(e).

---

[3] At the hearing on this matter, counsel for Plaintiff conveyed his desire to remain in federal court and his intention not to move for remand of this case to state court if the amendment is permitted. Though Plaintiff's statement appears to be based on a mistaken interpretation of the law with regard to this Court's jurisdiction, it does reveal that Plaintiff's motive in bringing the current Motion is not related to any desire to defeat federal jurisdiction.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend Complaint and to Join Additional Party out of Time [doc. #16] is **GRANTED**. Plaintiff's First Amended Complaint adding Defendant Mark Pingleton is accepted for filing.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1447(e), this case is **REMANDED** to the Circuit Court for the City of St. Louis.

**IT IS FURTHER ORDERED** that Brian Hodge's Motion to Intervene as Plaintiff as a Matter of Right [doc. #15] and Plaintiff's Motion to Continue Time to File Expert Report under Rule 26(A)(2) [doc. #17] are **DENIED for lack of jurisdiction**.

Dated this 14th day of March, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com